## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. __:CV20-_____

BETHANY SCHEER,

Plaintiff,

v.

SCL HEALTH

Defendant.

---

## PLAINTIFF'S COMPLAINT

---

Plaintiff, Bethany Scheer, by and through her attorney, Ralph Lamar, for this her Complaint, respectfully alleges as follows:

### I.   NATURE OF THE CASE

1.      This employment discrimination and civil rights action is brought against Defendant SCL Health ("SCL"), by Plaintiff Bethany Scheer for equitable relief and monetary damages to redress the deprivation of civil rights secured to her by the Americans with Disabilities Act Amendment Act (ADAAA), 42 U.S.C. § 2000e *et seq*., and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 *et seq,* while she was an employee of Defendant.

Specifically, she alleges that SCL terminated her employment based upon its erroneous perception that she suffers from a disability of mental illness.  She also contends that her suspension without pay and her firing were done in retaliation for complaining that the medical release given to her was a violation of the ADA.  Ms. Scheer alleges that the defendant's actions caused her mental distress and humiliation, and loss of employment and compensation.  She seeks back pay, reinstatement or front pay, compensatory damages, a gross-up for the negative

tax consequences of a lump sum award, and attorneys' fees and costs of this action.

## II.   JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction over the ADAAA and Rehabilitation Act claims under 28 U.S.C. § 1331, because they arise under the laws of the United States and said claims are brought to recover damages for the deprivation of Scheer's civil rights.

3.      Venue is proper in this judicial District under 28 U.S.C. § 1391(b),(c) and 42 U.S.C. § 2000e-5(f)(3), because defendant has offices, conducts business, and can be found in this District, and the causes of action arose and the acts and omissions complained of occurred therein.

## III.   PARTIES

4.      Plaintiff Bethany Scheer is a citizen of the U.S. currently residing in Westminster, CO and is subject to the jurisdiction of this court.

5.      Defendant was the employer who terminated plaintiff's employment.  At all relevant times during plaintiff's employment by Defendant it employed 15 or more employees, and therefore is subject to the provisions of the ADAAA and is subject to the jurisdiction of this Court under those statutes.

6.      Additionally, during all relevant times Defendant received federal funds and/or the department in which plaintiff worked was a program or activity for which federal funds were received, and therefore Defendant is subject to the provisions of the Rehabilitation Act and is subject to the jurisdiction of this court under that statute.

7.      Defendant's offices are located in Broomfield, CO.  Defendant is therefore subject to the personal jurisdiction of this court.

V.      **STATEMENT OF FACTS**

8.      Plaintiff was hired by Defendant to work as a Denials Representative on or about March 31, 2014.

9.      She was transferred to a Patient Accounts Representative I position on or about August 28, 2014.

10.     On August 28, 2019, Danielle Stowell, Kathy Osbourne, and Karen Oxenford met with Scheer and started to discuss her job performance.

11.     After Ms. Scheer challenged what they were saying they segued into a concern that some of Scheer's co-workers expressed that she was suicidal.

12.     Contrary to the allegations Scheer had not expressed to anyone that she was suicidal or wanted to kill herself.

13.     During the meeting Scheer disagreed with the assertion that she was suffering from a serious mental condition but indicated she was willing to listen to what they had to say.

14.     The HR rep (Oxenford) told Scheer that SCL had decided she would be required to go to a psychiatrist over the allegations made by her co-workers.

15.     Plaintiff was not told who had made the allegations, the specific nature of the comments she was alleged to have made, or even when she was supposed to have said the things that led to this confrontation by HR - all in the guise of the *other* employees' right to "confidentiality".

16.     Scheer was simply presented with a form for SCL's EAP program.

17.     That form contained a release of any medical information obtained by the professional she saw as part of the EAP program.

18.     Scheer said she was not opposed to seeing someone to be evaluated if it mollified

SCL but she did ask for time to decide whether she would sign the release of medical information as that seemed to be overbroad and a possible violation of her rights under the ADA.

19.     A reasonable person in Scheer's position would be concerned that SCL would therefore have access to intimate details of her life without a need to know – and SCL did not have a need to know the details, only the ultimate result of any evaluation.

20.     Scheer was told that she would be suspended without pay (albeit having done nothing wrong to deserve such treatment) while she considered the request that she sign the release, and that she would not have a job if she did not sign the form.

21.     She was also told that the form was standard and could not be revised. At that time HR took her keys and badge.

22.     A meeting was set up for September 4, 2019 (nearly a week later) at which Scheer was to notify HR of her decision.

23.     At the meeting Scheer told Oxenford she would not sign the EAP form because it violated the ADA.

24.     Scheer was asked if she was voluntarily resigning.

25.     When Scheer said that she was only refusing to sign the form as written she was told that she no longer had a job.

26.     Scheer was then walked off the premises.

27.     An e-mail was sent out to Scheer's co-workers that made it sound as if she had resigned her employment instead of acknowledging that SCL had fired her.

28.     This was just another lie by HR to cover itself and in the process put Scheer in a negative light.

29.     Tellingly, Scheer never received any phone calls from the purportedly concerned

members of SCL staff who had alleged that she was suicidal to see how she was doing.

30.     Nor did she receive any calls from SCL staff who were involved in her firing.

31.     This is particularly strong evidence that the expressed concerns for her health/wellbeing were overblown (i.e. not reasonable) and that SCL knew as much.

32.     The manner in which she was treated by the hospital staff is direct evidence that Scheer was regarded as having a significant mental condition.

33.     That establishes a violation of the ADAAA based upon the "regarded as" prong of the definition of disability.

34.     Plaintiff was not mentally ill and was not a danger to herself.

35.     Contrary to Defendant's "concerns" about her safety, plaintiff has gone on to find gainful employment since her termination by Defendant.

36.     The purpose of the "regarded as" prong is to provide a cause of action to individuals who were fired from a job because of myths, fears and/or stereotypes.

37.     Irrational and unfounded actions are at the heart of "regarded as" cases under the ADAAA as they are the foundation of prejudice and discrimination; i.e. decisions made out of ignorance and fear.

38.     The actions of Defendant show that it erroneously regarded plaintiff as having a significant mental health impairment.

## COUNT I

### ADAAA VIOLATION

39.     Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 38 as though set forth fully herein.

40.     As a result of the manner in which Defendant treated plaintiff she was regarded as

having a disability and is therefore an individual with a disability under the ADAAA.

41.     Plaintiff was able to perform the essential functions of her job as a Patient Accounts Representative I without a reasonable accommodation, and is therefore a qualified individual with a disability under the ADAAA.

42.     The unlawful actions of Defendant in suspending her without pay and in terminating plaintiff's employment constitute intentional violations of the ADAAA.

43.     As a direct result of Defendant's intentional and unlawful actions in violation of the ADAAA, plaintiff has suffered economic damages, emotional pain and distress, and has sustained a loss of benefits, and interest due thereon.

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment in her favor:

(a)     Awarding lost wages in the form of back pay, including lost fringe benefits;

(b)     Awarding compensatory damages;

(c)     Ordering reinstatement or, in the alternative, issuing an award of front pay;

(d)     Awarding the costs of this action, together with reasonable attorney's fees; and

(e)     granting such other relief as the Court deems necessary and appropriate.

## COUNT II

### SECTION 504 REHABILITATION ACT VIOLATION

44.     Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 43 as though set forth fully herein.

45.     As a result of the manner in which Defendant treated plaintiff she was regarded as having a disability and is therefore an individual with a disability under the Rehabilitation Act.

46.     Plaintiff was able to perform the essential functions of her job as a Patient

Accounts Representative I without a reasonable accommodation, and is therefore a qualified individual with a disability under the Rehabilitation Act.

47.     The unlawful actions of Defendant in suspending plaintiff without pay and in terminating plaintiff's employment constitute intentional violations of the Rehabilitation Act.

48.     As a direct result of Defendant's intentional and unlawful actions in violation of the Rehabilitation Act, plaintiff has suffered economic damages, emotional pain and distress, and has sustained a loss of benefits, and interest due thereon.

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment in her favor:

(a)     Awarding lost wages in the form of back pay, including lost fringe benefits;

(b)     Awarding compensatory damages;

(c)     Ordering reinstatement or, in the alternative, issuing an award of front pay;

(d)     Awarding the costs of this action, together with reasonable attorney's fees; and

(e)     granting such other relief as the Court deems necessary and appropriate.

## COUNT III

## ADAAA VIOLATION - RETALIATION

49.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

50.     Through her complaint that the authorization for the release of medical records tendered to her by Defendant violated the ADAAA plaintiff engaged in protected activity.

51.     Plaintiff was suspended without pay and then her employment was terminated because of her protected activity in violation of the anti-retaliation provisions of the ADAAA.

52.     Plaintiff has been injured by the actions of Defendant which injuries include lost

pay and benefits and emotional distress.

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment in her favor:

(a)     Awarding lost wages, including lost fringe benefits;

(b)     Awarding compensatory damages;

(c)     Order her reinstatement, or in the alternative, award front pay;

(d)     Awarding the costs of this action, together with reasonable attorney's fees; and

(e)     granting such other relief as the Court deems necessary and appropriate.

## COUNT IV

## SECTION 504 REHABILITATION ACT VIOLATION - RETALIATION

53.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

54.     Through her complaint that the authorization for the release of medical records tendered to her by Defendant violated the ADAAA plaintiff engaged in protected activity.

55.     Plaintiff was suspended without pay and then her employment was terminated because of her protected activity in violation of the anti-retaliation provisions of the Rehabilitation Act.

56.     Plaintiff has been injured by the actions of Defendant which injuries include lost pay and benefits and emotional distress.

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment in her favor:

(a)     Awarding lost wages, including lost fringe benefits;

(b)     Awarding compensatory damages;

(c)     Order her reinstatement, or in the alternative, award front pay;

(d)     Awarding the costs of this action, together with reasonable attorney's fees; and

(e)     granting such other relief as the Court deems necessary and appropriate.

Dated this 26th day of December, 2020.

                              Respectfully submitted,

                    By:     *s/Ralph E. Lamar, Esq.*
                            Ralph E. Lamar
                            8515 Braun Loop
                            Arvada, CO 80005
                            (303) 345-3600
                            ralphlamar@ymail.com
                            Attorney for Plaintiff